Dear Ms. Blair:
On behalf of the Wildwood City Commission, you ask substantially the following question:
May a city grant an economic development ad valorem tax exemption pursuant to section 196.1995, Florida Statutes, that extends beyond the time the city is authorized to grant such exemptions?
You state that in 1994, the city commission determined that there was a need to attract new businesses and encourage the expansion of businesses within the city. In December 1999, the question of whether the city commission should be granted the authority to grant exemptions from city ad valorem taxes pursuant to Article VII, section 3, Florida Constitution, and section 196.1995, Florida Statutes, for new businesses and expansions of existing businesses was placed on the ballot.[1] The voters approved the referendum.
According to your letter, although there was a potential candidate for tax relief at the time the referendum granting the city commission the authority to grant exemptions was passed in 1999, the candidate did not locate within the city. You state, however, that there is currently a candidate that appears to meet the statutory requirements. While the authority of the city to grant exemptions is for a period of ten years and is, therefore, still in effect, the relief from taxation granted by the city would extend beyond the term of the city's authorization to grant exemptions. Therefore, you inquire whether the city commission may grant such an exemption that will extend beyond the time the city is authorized to grant such exemptions.
Article VII, section 3(c), of the Florida Constitution, provides:
"Any county or municipality may, for the purpose of its respective tax levy and subject to the provisions of this subsection and general law, grant community and economic development ad valorem tax exemptions to new businesses and expansions of existing businesses, as defined by general law. Such an exemption may be granted only by ordinance of the county or municipality, and only after the electors of the county or municipality voting on such question in a referendum authorize the county or municipality to adopt such ordinances. An exemption so granted shall apply to improvements to real property made by or for the use of a new business and improvements to real property related to the expansion of an existing business and shall also apply to tangible personal property of such new business and tangible personal property related to the expansion of an existing business. The amount or limits of the amount of such exemption shall be specified by general law. The period of time for which such exemption may be granted to a new business or expansion of an existing business shall be determined by general law. The authority to grant such exemption shall expire ten years from the date of approval by the electors of the county or municipality, and may be renewable by referendum as provided by general law." (e.s.)
Section 196.1995, Florida Statutes, seeks to implement the above constitutional provision.[2] Section 196.1995(7), Florida Statutes, establishes the term during which the municipality may grant exemptions:
"The authority to grant exemptions under this section will expire 10 years after the date such authority was approved in an election, but such authority may be renewed for another 10-year period in a referendum called and held pursuant to this section."
Section 196.1995(5), Florida Statutes, addresses the granting of an exemption:
"Upon a majority vote in favor of such authority, the board of county commissioners or the governing authority of the municipality, at its discretion, by ordinance may exempt from ad valorem taxation up to 100 percent of the assessed value of all improvements to real property made by or for the use of a new business and of all tangible personal property of such new business, or up to 100 percent of the assessed value of all added improvements to real property made to facilitate the expansion of an existing business and of the net increase in all tangible personal property acquired to facilitate such expansion of an existing business, provided that the improvements to real property are made or the tangible personal property is added or increased on or after the day the ordinance is adopted. However, if the authority to grant exemptions is approved in a referendum in which the ballot question contained in subsection (3) appears on the ballot, the authority of the board of county commissioners or the governing authority of the municipality to grant exemptions is limited solely to new businesses and expansions of existing businesses that are located in an enterprise zone or brownfield area. Property acquired to replace existing property shall not be considered to facilitate a business expansion. The exemption applies only to taxes levied by the respective unit of government granting the exemption. The exemption does not apply, however, to taxes levied for the payment of bonds or to taxes authorized by a vote of the electors pursuant to s. 9(b) or s. 12, Art. VII of the State Constitution. Any such exemption shall remain in effect for up to 10 years with respect to any particular facility, regardless of any change in the authority of the county or municipality to grant such exemptions. The exemption shall not be prolonged or extended by granting exemptions from additional taxes or by virtue of any reorganization or sale of the business receiving the exemption." (e.s.)
Thus, section 196.1995(7), Florida Statutes, provides that the authority to grant exemptions under the statute expires 10 years after the date such authority was approved in an election although such authority may be renewed for another 10-year period if approved by referendum. Section 196.1995(5), Florida Statutes, in addressing the term of the exemption granted, clearly states that such an exemption remains in effect for up to 10 years regardless of any change in the municipality's authority to grant such exemptions.[3]
Accordingly, in light of the plain language of section 196.1995(5), Florida Statutes, I am of the opinion that a city may grant an economic development ad valorem tax exemption pursuant to section 196.1995, Florida Statutes, for a period of up to 10 years even though the term of the exemption extends beyond the time the city is authorized to grant such exemptions.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] Wildwood City Resolution 741, dated September 22, 1999.
[2] Sees. 196.1995(1), Fla. Stat., which provides in part that "[t]he board of county commissioners of any county or the governing authority of any municipality shall call a referendum within its total jurisdiction to determine whether its respective jurisdiction may grant economic development ad valorem tax exemptions under s. 3, Art. VII of the State Constitution. . . ." And sees. 5, Ch. 80-347, Laws of Fla., creating s. 196.1995 and providing that "[t]his act shall take effect upon approval by the electors of an amendment to s. 3, Art. VII of the State Constitution authorizing the ad valorem tax exemptions provided for in this act, and shall first apply to the 1981 assessment rolls." Senate Joint Resolution 9-E, amending Art. 7, s. 3, Fla. Const., by adding subsection (c) pertaining to economic development tax exemptions, was approved by the electors at the special election of October 7, 1980.
[3] When the economic development tax exemption was first enacted in 1980, the statute provided that the "exemption shall remain in effect for 10 years with respect to any particular facility, regardless of any change in the authority of the county or municipality to grant such exemptions." Sees. 196.1995(4), Fla. Stat. (1980 Supp.). And see Op. Att'y Gen. Fla. 81-46 (1981), stating that the exemption granted pursuant to s. 196.1995, F.S. (1980 Supp.), must be for a period of 10 years. In 1983 the Legislature amended the statute, inserting "up to" preceding "10 years" in what is now s. 196.1995(5), Fla. Stat.See s. 1, Ch. 83-141, Laws of Fla.